## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WALTER RODRIGUEZ HUALES, | |
| *Petitioner,* | |
| v. | CIVIL ACTION |
| JAMAL L. JAMISON, et al., | NO. 26-1743 |
| *Respondents.* | |

## ORDER

**AND NOW**, this 26th day of March, 2026, upon consideration of the Petition for

a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Rodriguez Huales is not subject to mandatory detention under 8
   U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to
   the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]     Several years ago, Walter Rodriguez Huales, a citizen of Guatemala, entered the United States "without inspection." (Pet. ¶ 2, Dkt. No. 1.)  Immigration officials did not apprehend him at the time, and he has since lived in the country in the Philadelphia area. (*Id.*)  On March 17, 2026, ICE officials arrested him, (*id.* ¶ 3), and transferred him to the Philadelphia Federal Detention Center, (*id.* ¶ 39.)  He is currently detained under 8 U.S.C. § 1225(b)(2) and thus has not received a bond hearing from an immigration judge. (*Id.* ¶¶ 5, 40–41.)

Rodriguez Huales filed a federal *habeas* petition on March 18, 2026, alleging violations of the Immigration and Nationality Act and due process. (*Id.* at 11–13.)  He seeks an order preventing the Government from transferring him outside the Eastern District, directing the Government to show cause, declaring his detention his unlawful, and releasing him from detention. (*Id.* at 13.)  The Government responds that Rodriguez Huales is lawfully detained under § 1225(b)(2). *See* (Gov't Resp. in Opp'n at 6–9, Dkt. No. 3).

The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (citing 282 out of 288 district court decisions rejecting the Government's position) and echoed in *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (citing 201 decisions in the Eastern District rejecting the Government's position). Rodriguez Huales was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him several days ago.  Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity

2.    **On or before April 2, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Rodriguez Huales with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.    Should the immigration judge deny bond, Rodriguez Huales may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  Given that, the Court need not address his due process claim.